UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VIRA LYNN JONES, PHILLIP JONES,

                     Plaintiffs,

         v.

HSBC BANK USA NATIONAL ASSOCIATION,


                     Defendants.
-------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

23-CV-7773
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiffs Phillip Jones ("Mr. Jones") and Vira Lynn Jones ("Ms. Jones"), both proceeding

*pro se*, commenced the instant action on October 13, 2023 by filing a complaint against Defendant

HSBC Bank USA National Association. *See generally* Dkt. No. 1. Mr. Jones and Ms. Jones are

brother and sister. *See* Dkt. No. 1, at 12. This action arises out of a 2014 foreclosure action ("the

Foreclosure Action") initiated by Defendant against an apartment building that Mr. Jones owns,

which is located at 1159 Bedford Avenue, Brooklyn, New York 11216 (the "Property"). *See* Dkt.

No. 10-1. The crux of Plaintiffs' complaint is that Defendant lacked standing to bring the

Foreclosure Action based upon "deception with regards to the assignment of mortgages prior to

the commencement of the state proceedings." Dkt. No. 1, at 8. Plaintiffs seek an order

"discharg[ing] the loan from [Plaintiffs'] credit report and sanctions along with $680,000.00 in

damages against the defendants [and/or] discharge of mortgage for such other and further relief

this court may deem just, proper, and equitable." *Id.* at 10.

Currently pending before this Court, on referral from the Honorable Rachel P. Kovner, United States District Judge, is Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* Dkt. Nos. 9, 10, 11, 13; *see also* Jan. 10, 2024 Referral Order. For the reasons explained below, this Court respectfully recommends that Defendant's motion to dismiss be granted and that the Complaint be dismissed.

## I.    Background

### A.    The Foreclosure Action

On August 11, 2006, Mr. Jones obtained a loan (the "Loan") from non-party First United Mortgage Banking Corp. in the amount of $680,000.00, which was memorialized by a note (the "Note") and secured by a mortgage (the "Mortgage") encumbering the Property. *See* Dkt. No. 10-1, at 1-11. The Mortgage was recorded on August 25, 2006 in the Office of the City Register of the City of New York, Kings County. *See* Dkt. No. 10-1. The Note and Mortgage were later assigned to Defendant. *See id.*

On December 10, 2014, Defendant initiated the Foreclosure Action by filing a complaint against Mr. Jones in the Supreme Court of the State of New York, Kings County, styled *HSBC Bank USA, National Association, as Trustee for the Holders of Nomura Home Equity Loan, Inc., Home Equity Loan Trust, Series 2007-1 v. Phillip Jones, et al.*, under index number 511655/2014. *See* Dkt. No. 10-1. In the foreclosure complaint, Defendant contended that Mr. Jones failed to comply with the conditions of the Note and Mortgage by not making payment that was due on August 1, 2009 and subsequent payments. *See id.* at 5. Defendant argued that Mr. Jones owed a principal balance of $679,980.00, with an interest rate of 8.125%, with interest accruing from July 1, 2009. *See id.*

Plaintiffs participated in mandatory foreclosure settlement conferencing and were released from conferencing on April 29, 2015. *See* Dkt. No. 10 ¶ 4; Dkt. No. 10-2.

On June 20, 2017, the Supreme Court of the State of New York, Kings County, entered a judgment of foreclosure and sale ("Foreclosure Judgment") in the Foreclosure Action. *See* Dkt. No. 10-3. As set forth in the Foreclosure Judgment, judgment in the amount of $1,072,368.23, with interest at the note rate from December 15, 2015 through June 2017, was entered against Mr. Jones, plus $1,665 in costs and disbursements. *See id.* at 4-6.

On March 10, 2020, Mr. Jones filed an order to show cause seeking to vacate the Foreclosure Judgment and dismiss the Foreclosure Action. *See* Dkt. No. 10-4. Mr. Jones argued that Defendant failed to properly effectuate service of process in accordance with CPLR § 308(1). *See id.* at 2. On May 12, 2022, the Supreme Court of the State of New York, Kings County, denied Mr. Jones's March 10, 2020 motion, finding that the affidavit of service filed by Defendant stated that Plaintiff was personally served with the summons and complaint at an address in West Virginia. *See* Dkt. No. 10-5, at 3.

On January 18, 2023, pursuant to the Foreclosure Judgment, Defendant filed a notice of sale of the Property, whereby a sale was set for February 9, 2023. *See* Dkt. No. 10-6.

On February 7, 2023, an individual identified as Derrick M. Johnson filed an emergency order to show cause to stay the sale. *See* Dkt. No. 10-7. Mr. Johnson's motion was marked "off" by the Supreme Court of the State of New York, Kings County. *See* Dkt. No. 10 ¶ 10; Dkt. No. 10-8.

On September 11, 2023, Ms. Jones filed a motion seeking to discharge the Mortgage.  *See* Dkt. No. 10-9.  Defendant filed a notice of return and rejection based on the argument that Ms. Jones is not a party to the Foreclosure Action and did not properly move to intervene.  *See id.*

On November 9, 2023, Ms. Jones filed an order to show cause for sanctions against Defendant in the Foreclosure Action for rejecting her motion to discharge the Mortgage, which is currently pending in the Supreme Court of the State of New York, Kings County.  *See* Dkt. No. 10-10.

### B.    Procedural History

On October 13, 2023, Plaintiffs commenced this action by filing the complaint.  *See* Dkt. No. 1.[1]  Plaintiffs argue that Defendant lacked standing and the legal capacity to bring judicial foreclosure proceedings against them related to the Property based upon allegedly "defective, fraudulent assignments of mortgages."  Dkt. No. 1, at 6-9.  Plaintiffs contend that Defendant violated various provisions of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and these statutes' implementing regulations.  *Id.* at 3-4.  Plaintiffs also allege that Defendant violated their federal due process rights.  *Id.* at 5.

Additionally, on October 13, 2023, Plaintiffs filed a motion for leave to proceed *in forma pauperis*.  Dkt. Nos. 2, 3.  On October 25, 2023, the Court entered the following order:

> Plaintiffs' [] applications to proceed *in forma pauperis* are denied without prejudice because they do not provide sufficient information to permit the Court to determine whether plaintiffs are indigent.  Plaintiffs' applications listing no income from any source, no savings, and no assets raises questions regarding whether the short-form applications give a complete and accurate picture of plaintiffs' financial situation.  Accordingly, if plaintiffs wish to proceed *in forma pauperis* [IFP], they are directed to file, on or before [November 8, 2023], complete and accurate Long-Form *IFP*

---

[1] Plaintiffs also filed a parallel action in this district on October 13, 2023.  *See Jones, et al., v. Select Portfolio Servicing, Inc*., No. 23-CV-7772 (RPK) (JAM) (E.D.N.Y.) ("*Jones I*").  The current action is related to *Jones I*.  On May 24, 2024, the undersigned issued a Report and Recommendation recommending that the defendants' motion to dismiss *Jones I* be granted.  *See Jones v. Select Portfolio Servicing, Inc.*, No. 23-CV-7772 (RPK) (JAM), 2024 WL 2494769 (E.D.N.Y. May 24, 2024).

Applications providing additional information necessary to make an indigency determination. If plaintiffs fail to file the Long Form *IFP* Applications (or to pay the filing fee) by [November 8, 2023], the case may be dismissed without prejudice. The Clerk of Court is directed to mail a copy of this docket order and of two Long Form IFP Applications to plaintiffs.

*See* Oct. 25, 2023 Dkt. Order.

The Court mailed copies of the above October 25, 2023 order to Plaintiffs on October 26, 2023. On November 6, 2023, Plaintiffs paid the filing fee for this litigation. Dkt. No. 5.

On December 6, 2023, Defendant filed its motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(6). *See* Dkt. Nos. 9, 10, and 11. Defendant filed proof of service of their motion on Plaintiffs. *See* Dkt. No. 9-4.

Plaintiffs filed their response to Defendant's motion on January 2, 2024. *See* Dkt. No. 12. In their response, Plaintiffs argued, *inter alia*, the Court "must subpoena or compel the defendant's counsel to produce" non-party witnesses Herman Kennerty, Nadine Homan, and Daniel Thompson as witnesses in this matter to testify about the execution of the Mortgage, Note, and assignments. *Id.* at 4.

Defendant filed its reply in support of its motion on January 9, 2024. *See* Dkt. No. 13.

## II.    **Defendant's Motion to Dismiss**

### A.    **Legal standards**

#### 1.    **Fed. R. Civ. P. 12(b)(1)**

"When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first." *Whyte v. Bayview Loan Servicing, LLC*, No. 21-CV-3301 (PKC) (LB), 2022 WL 4484664, at *3 (E.D.N.Y. Sept. 27, 2022) (cleaned up). "This is because if a court determines that it lacks subject matter jurisdiction, then the defendant's 'other defenses and objections become moot and do not need to be determined.'" *Id.* (quoting *Daly v.*

*Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019)).  "Federal courts must determine that they have jurisdiction before proceeding to the merits."  *Lance v. Cojfman*, 549 U.S. 437, 439 (2007).

Notwithstanding the liberal pleading standard afforded to *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction.  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).  "Although courts hold *pro se* complaints 'to less stringent standards than formal pleadings drafted by lawyers,' *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction, *see, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999)."  *Panchitkhaew v. Long Island Jewish Med. Ctr.*, No. 18-CV-4434 (JFB) (AKT), 2019 WL 1492780, at *2 (E.D.N.Y. Apr. 4, 2019).

### 2.    Fed. R. Civ. P. 12(b)(6)

"To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Ashcroft*, 556 U.S. at 679.

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side."  *Lynch v. City of New York*, 952 F.3d

67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff; however, the court need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"In deciding a motion to dismiss for failure to state a claim, the Court must consider only the allegations in the complaint, those documents attached to the complaint or incorporated by reference, and facts subject to judicial notice." *Bonner v. Town of Brookhaven*, No. 22-CV-4690 (GRB) (ARL), 2023 WL 6812276, at *2 (E.D.N.Y. Oct. 16, 2023) (citing *Kramer v. Time Warner*, Inc., 937 F.2d 767, 773 (2d Cir. 1991)). "The Court may take judicial notice of facts that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (citing Fed. R. Evid. 201(b)(2)). "Judicial notice is regularly taken of publicly available documents and government records, *Kramer*, 937 F.2d at 774, including foreclosure records, *Pennicott v. JPMorgan Chase Bank, N.A.*, No. 21-CV-4575 (LGS), 2022 WL 4226025, at *1 (S.D.N.Y. Sept. 13, 2022)." *Id.* "[I]n setting forth the relevant history, . . . the Court takes judicial notice of matters occurring in previous litigations involving the [parties] in this action." *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-7178 (ENV), 2021 WL 7906510, at *1 (E.D.N.Y. Aug. 20, 2021) (taking judicial notice of filings in state court foreclosure action), *report and recommendation adopted*, 2022 WL 1104849 (E.D.N.Y. Apr. 13, 2022)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible

claim for relief." *Id.*  To assess plausibility, the Court considers the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice."  *McDonald v. Esposito*, No. 20-CV-828 (RPK) (RML), 2021 WL 1062259, at *2 (E.D.N.Y. Mar. 18, 2021) (quoting *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020)).

> **B.    Discussion**

Defendant moves for dismissal on four grounds.  First, Defendant argues that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See* Dkt. No. 11, at 9-12.  Second, Defendant argues that this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine.  *See id*. at 12-13.  Third, Defendant argues that Plaintiffs' claims are barred by *res judicata* and collateral estoppel.  *Id.* at 13-16.  Fourth, Defendant argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to Plaintiffs' failure to state a claim. *See id.* at 16-19.

For the reasons explained below, this Court finds that Plaintiffs' complaint invites federal court review of the Foreclosure Judgment, and thus *Rooker-Feldman* bars Plaintiffs' claims that seek a discharge of the Mortgage due to Defendant's purported lack of standing.  To the extent that portions of Plaintiffs' claims seek injunctive relief, those claims are also barred by *Younger* abstention.  In addition to these jurisdictional grounds for dismissal, this Court finds that *res judicata* and collateral estoppel also operate to bar all of Plaintiffs' claims.  Finally, notwithstanding the foregoing jurisdictional and preclusion grounds for dismissal, Plaintiffs' complaint also fail to state a claim upon which relief can be granted.  Accordingly, this Court respectfully recommends that Defendant's motion be granted, Plaintiffs' complaint be dismissed, and Plaintiffs be denied leave to file an amended complaint.

1.    The *Rooker-Feldman* doctrine

The *Rooker-Feldman* doctrine is a doctrine of civil procedure enunciated by the United States Supreme Court in two cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine holds that federal district courts shall not sit in direct review of state court decisions unless Congress has passed a statute to authorize such relief.  *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  In practice, *Rooker-Feldman* bars federal district courts from becoming a court of appeals for state court decisions.  *Id.*  Instead, a person seeking relief from a state court judgment must find a state court remedy or obtain relief from the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("§ 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court").

*Rooker-Feldman* bars federal courts from reviewing claims that were not only raised in the state court action, but also claims that were not raised but are nonetheless "inextricably intertwined" with the state court judgment.  *Hoblock*, 422 F.d3d at 86-87.  There are four requirements for the doctrine to apply: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced."  *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (quoting *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010)).  Requirements one and four are considered "procedural," and requirements two and three are considered "substantive." *Hoblock*, 422 F.3d at 85; *Francis v. Fed. Nat'l Mortg. Ass'n*, No. 20-CV-5863 (EK) (MMH), 2023 WL 2707098, at *5 (E.D.N.Y. Mar. 30, 2023).  "While all four requirements must be met to

preclude jurisdiction, the second requirement is the 'core' requirement." *Francis*, 2023 WL 2707098, at *5. This "requirement is only satisfied if 'the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Id.* (quoting *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015)).

Here, requirements one and four of *Rooker-Feldman* are easily satisfied. Plaintiff lost in state court, as evidenced by the Foreclosure Judgment, and the Foreclosure Judgment was entered before Plaintiff initiated the instant action. *Compare* Dkt. No. 1 *with* Dkt. No. 10-3. This Court's jurisdiction thus hinges on requirements two and three—whether Plaintiffs' claims seek redress for injuries caused by the Foreclosure Judgment, and whether they invite this Court to review the Foreclosure Judgment.

Faced with similar claims, "courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Davis v. JP Morgan Chase Bank*, No. 14-CV-6263 (KMK), 2016 WL 1267800, at *6 (S.D.N.Y. Mar. 30, 2016) (cleaned up); *see also In re Holmes*, No. 19-23497 (SHL), 2020 WL 4279576, at *4 (Bankr. S.D.N.Y. July 24, 2020) (collecting cases); *Feinstein v. The Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, *2 (E.D.N.Y. Apr. 5, 2006) (Bianco, J.) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.").

As the United States Court of Appeals for the Second Circuit explained in *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014), *Rooker-Feldman* precludes a federal district court from entertaining a suit that "would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error." *Vossbrinck*, 773 F.3d at 427. In *Vossbrinck*, the plaintiff raised similar claims to those alleged by Plaintiffs here –

namely, that the defendants had submitted fraudulent documents in the underlying foreclosure action to concoct standing. *Id.* at 426. The plaintiff sought the return of his property, a declaration that the foreclosure judgment was void, and damages. *Id.* In affirming the dismissal of these claims, the Second Circuit emphasized how the plaintiff invited federal court review over "whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose." *Id.* As a result, the court held that the third requirement of the *Rooker-Feldman* doctrine was satisfied. *Id.* at 427. Moreover, because the plaintiff sought title to the property and a declaration that the foreclosure judgment was void, the court held that the second requirement of the *Rooker-Feldman* doctrine was also satisfied. *Id.*

Plaintiffs' claims here must suffer the same fate as the claims in *Vossbrinck*. To resolve Plaintiffs' claim that Defendant lacked standing and the legal capacity to bring the Foreclosure Action, this Court would need to review whether Defendant was the owner or holder of the Note and Mortgage when it commenced the Foreclosure Action and whether the documents relied upon by Defendant – *i.e.*, the Note, Mortgage, and assignments – were valid. But these determinations were necessarily made by the state court when it entered the Foreclosure Judgment. *See Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826 (KAM) (JRC), 2023 WL 8283148, at *4 (E.D.N.Y. Nov. 30, 2023) ("because the state court must necessarily have ruled on the validity of the underlying loan and mortgage in rendering its decision, Plaintiff's request for this Court to review the same loan and 'nullify' it meets the substantive requirements of *Rooker-Feldman*"). Consequently, for Plaintiffs to be vindicated on these claims, this Court would need to review the state court's determinations and ultimately decide that they were wrong – something *Rooker-Feldman* explicitly prohibits. *See Vossbrinck*, 773 F.3d at 427; *In re Lunn*, No. 16-AP-2014 (PRW), 2016 WL 5349726, at *7 (Bankr. W.D.N.Y. Sept. 23, 2016) (holding

that *Rooker-Feldman* barred plaintiff's claims predicated on "irregularities in recording the various assignments of [her] mortgage" because such claims were caused by or arose out of a state court foreclosure judgment).

Moreover, the injuries that Plaintiffs complain of based on Defendant's purported lack of standing were caused by the Foreclosure Judgment, and the remedy that Plaintiffs seek—an order discharging the Mortgage (Dkt. No. 1, at 9)—is something that this Court lacks the power to provide. *See Vossbrinck*, 773 F.3d at 427; *see also Murphy v. Riso*, No. 11-CV-0873 (JFB) (ARL), 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (noting that "numerous courts in this Circuit . . . have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine" and collecting cases).

Notwithstanding the above, this Court liberally construes the complaint to include a request for damages stemming from Defendants' alleged TILA and RESPA violations. *See* Dkt. No. 1, at 10. "The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." *Worthy-Pugh*, 664 F. App'x at 21 (citing *Vossbrinck*, 773 F.3d at 427–28).

In other words, *Rooker-Feldman* does not bar Plaintiffs' TILA and RESPA claims to the extent these claims seek relief "not directly caused by the [F]oreclosure [J]udgment." *Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32, 34 (2d Cir. 2016); *see also Beasley v. Indy Mac Bank*, No. 16-CV-4629 (JS) (AKT), 2018 WL 1611667, at *7 (E.D.N.Y. Feb. 26, 2018) (holding that plaintiff's TILA claim was not barred by *Rooker-Feldman* because it was based on conduct that occurred prior to the state-court proceeding). As discussed below, however, Plaintiffs' TILA and RESPA claims must nonetheless be dismissed on alternative grounds. *See Worthy-Pugh*, 664

F. App'x at 22 (holding that the district court properly dismissed the plaintiff's request for damages "on the alternate ground of *res judicata*"); *see also Vossbrinck*, 773 F.3d at 427-28 (holding that the district court properly dismissed the plaintiff's request for damages as "barred by collateral estoppel and [for being] time-barred").

Accordingly, the Court respectfully recommends that Plaintiffs' claims seeking a discharge of the Mortgage should be dismissed because these claims would require the Court to review the validity of the Foreclosure Judgment in violation of *Rooker-Feldman*. This Court further recommends finding that *Rooker-Feldman* does not bar review of Plaintiffs' TILA or RESPA claims to the extent these claims seek damages for conduct not directly caused by the Foreclosure Judgment.[2]

### 2. *Younger* abstention doctrine

The *Younger* abstention doctrine [] requires federal courts to abstain from interfering with certain pending state court proceedings." *Gurvey v. DiFiore*, No. 19-CV-4739 (LDH) (ST), 2021 WL 4480553, at *5 (E.D.N.Y. Sept. 30, 2021) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (identifying the "primary sources" of the "longstanding public policy against federal court interference with state court proceedings)); *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) ("[F]ederal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." (citing *Younger*, 401 U.S. at 43-45 (1971)).

"Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement

---

[2] The Court need not consider whether *Rooker-Feldman* bars Plaintiffs' federal due process claims because these claims have no merit as Defendant is not a state actor. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."); *Pierre v. Ingber L. Firm, PLLC*, No. 16-CV-5974 (MKB), 2017 WL 384322, at *2 (E.D.N.Y. Jan. 25, 2017) (dismissing constitutional claims brought against private corporation). For the same reason, the Court need not consider whether *Younger* abstention, collateral estoppel, or *res judicata* bar these claims.

proceedings that are 'akin to criminal prosecutions'; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Maddox v. Jordan*, No. 24-CV-00925 (LTS), 2024 WL 1745975, at *2 (S.D.N.Y. Apr. 22, 2024) (citing *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)); *see also Grier v. Orange Cnty.*, No. 24-CV-02028 (NSR), 2024 WL 1700038, at *4 (S.D.N.Y. Apr. 19, 2024) ("'*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.'" (quoting *Morpurgo v. Incorp. Vill. of Sag Harbor*, 327 F. App'x 284, 285 (2d Cir. 2009) (citation omitted))). "Even then, there are limits to the application of abstentions." *Plotch v. Wells Fargo Bank, N.A.*, 413 F. Supp. 3d 129, 133 (E.D.N.Y. 2018), *aff'd*, 758 F. App'x 221 (2d Cir. 2019). "As further explained by the Second Circuit, the court should only abstain from exercising its subject-matter jurisdiction under the *Younger* abstention doctrine where it answers the following three questions affirmatively: (1) is there an ongoing state proceeding; (2) is an important state interest implicated; and (3) does the plaintiff have an avenue open for review of constitutional claims in the state court?" *Id.* (citing *Cecos Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d. Cir. 1990)).

Here, the Foreclosure Action is an ongoing state proceeding. While the Supreme Court of the State of New York, Kings County entered the Foreclosure Judgment on June 20, 2017 (Dkt. No. 10-3), the case is still pending. Indeed, on November 9, 2023, Ms. Jones filed an order to show cause for sanctions against Defendant for rejecting her motion to discharge the Mortgage, which is also still pending. *See* Dkt. No. 10-10; *see also* New York State Unified Court System, *NYCSEF – New York State Courts Electronic Filing (Live System)*, Index No. 511655/2014, https://iapps.courts.state.ny.us/nyscef/Login (last visited May 30, 2024).

Additionally, the underlying state action implicates an important state interest.  "A foreclosure action qualifies as a 'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts.'"  *McDonald*, 2021 WL 1062259, at *3 (citation omitted). "Time and time again, courts in this circuit have held that the *Younger* abstention doctrine applies where a plaintiff seeks injunctive and/or declaratory relief relating to the same property that is the subject matter of the underlying foreclosure action in state court."  *Plotch*, 413 F. Supp. 3d at 134 (citing *Calizaire v. Mortg. Elec. Registration Sys., Inc.*, No. 14-CV-1542 (CBA) (SMG), 2017 WL 895741 (E.D.N.Y. Mar. 6, 2017) ("determining the rights and obligations of the parties with respect to the subject property currently under the jurisdiction of the state court . . . falls within [a] category of proceedings identified by the Supreme Court as appropriate for abstention.")).

Here, Plaintiffs request that the Court "discharge the loan from [Plaintiffs'] credit report" and "discharge the Mortgage" – two forms of relief that directly concern Defendant's efforts to foreclosure the Property.  *See* Dkt. No. 1, at 10.  As this Court cannot grant Plaintiffs this relief absent some form of injunctive relief, this case warrants the application of *Younger* abstention with respect to Plaintiffs' claims for a discharge of the Mortgage.  *See Plotch*, 413 F. Supp. 3d at 135 (holding that *Younger* applied to plaintiff's claims "as this Court cannot grant [p]laintiff the relief he seeks—a cancellation of the mortgage encumbering the Subject Property—absent some form of injunctive relief").

*Younger* abstention does not apply to Plaintiffs' claims for damages and sanctions.  *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000) ("[A]bstention and dismissal are inappropriate when damages are sought."); *see also McDonald*, 2021 WL 1062259, at *3 (finding that *Younger* abstention was not appropriate "for plaintiff's requests that defendants 'be found guilty' and that they pay compensatory and punitive damages"); *Dimicco v. CitiMortgage, Inc.*,

No. 20-CV-755 (PKC) (LB), 2020 WL 804949, at *3 (E.D.N.Y. Feb. 18, 2020) ("[T]he Second Circuit has held that claims for monetary damages should not be dismissed under *Younger* abstention."). Still, although *Younger* does not bar the Court from reviewing Plaintiffs' damages claims, these claims are subject to dismissal on the alternative grounds discussed below.

Finally, there was no impediment to Plaintiffs raising the arguments made in this case in the Foreclosure Action, including their constitutional claims. *See Donohue v. Mangano*, 886 F. Supp. 2d 126, 142 (E.D.N.Y. 2012) (collecting cases). The Supreme Court of the State of New York, Kings County is a court of general jurisdiction and is fully competent to adjudicate federal constitutional and statutory claims. *See Haywood v. Drown*, 556 U.S. 729, 739–41 (2009) (explaining that state courts of general jurisdiction may properly hear suits for damages under 42 U.S.C. § 1983); *Wilks v. Wells Fargo Bank, N.A.*, No. 23-CV-2768 (HG) (CLP), 2024 WL 1531142, at *10 (E.D.N.Y. Feb. 26, 2024) ("there is no impediment to plaintiffs raising the arguments made in this case in the State Court Action, including their constitutional claims"). Plaintiffs have also made no showing that New York's "laws, procedures, or practices would prevent [their] effective interposition of [their] federal contentions." *Kirschner*, 225 F.3d at 235.

Thus, it is "abundantly clear" that Plaintiffs "had an opportunity to present their federal claims" in the Foreclosure Action, and "[n]o more is required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *see also Toczek v. Alvord*, 841 F. App'x 263, 267 (2d Cir. 2021) (holding that *Younger* abstention was required because plaintiff offered no reason why she could not have presented her due process arguments to the state court).

Accordingly, this Court respectfully recommends that Plaintiffs' claims for injunctive relief be dismissed on *Younger* abstention grounds.

### 3.    *Res judicata* **and collateral estoppel bar Plaintiffs' claims**

Defendant also argues that Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel because "a judgment of foreclosure and sale is final as to all questions at issue between the parties and concludes all matters of defense which were or might have been litigated in the foreclosure action."  Dkt. No. 11, at 13-16.  In analyzing these arguments, the Court applies New York's *res judicata* and collateral estoppel doctrines because the Foreclosure Judgment was rendered in New York.  *See Council v. Better Homes Depot, Inc.*, No. 04–CV–5620 (NGG)(KAM), 2006 WL 2376381, at *3 (E.D.N.Y. Aug. 16, 2006) ("A federal court must apply the rules of preclusion of the state in which the prior judgment was rendered.").

### a.    *Res Judicata*

It is well-established that a federal court must give a state court judgment the same preclusive effect that it would have in that state's courts.  *See, e.g.*, *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000); *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 146 (E.D.N.Y. 2016).  Under New York law, *res judicata* (or claim preclusion) provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Haziz-Ramadhan v. Specialized Loan Servicing, LLC*, No. 23-CV-02671 (OEM) (JMW), 2023 WL 8003339, at *3 (E.D.N.Y. Nov. 17, 2023) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002)).

*Res judicata* applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action."  *Id.*; *see also Mendez*, 2023 WL 8283148, at *5.  "New York applies a transactional approach to *res judicata*, meaning that once a claim is brought to a final conclusion, all other claims arising out of

the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Hourani*, 158 F. Supp. 3d at 147.

The requirements of *res judicata* are met in this case. First, the Foreclosure Action, which resulted in the Foreclosure Judgment, is a prior adjudication on the merits. *See Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397 (KMK), 2019 WL 1429982, at *11 (S.D.N.Y. Mar. 29, 2019) (holding that a foreclosure action resulting in a final judgment of foreclosure and sale was an adjudication on the merits); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (same).

Second, the privity element is also met because Mr. Jones was the defendant in the Foreclosure Action. *See* Dkt. No. 10-3. While Ms. Jones is not a named party, she has privity with Mr. Jones as his attorney-in-fact. *See* Dkt. No. 1, at 12 (noting that Ms. Jones is Mr. Jones's attorney-in-fact and true representative); *see also C.H. Sanders Co. v. Bhap Hous. Dev. Fund Co.*, 87-CV-3874 (ILG) 1989 U.S. Dist. LEXIS 8450, at *18 (E.D.N.Y. July 20, 1989) (holding that defendant had privity with HUD for issue preclusion purposes because HUD was appointed as defendant's attorney-in-fact), *rev'd in part on other grounds*, 903 F.2d 114 (2d Cir. 1990).

Finally, Plaintiffs' claims could have been raised as counterclaims or defenses in the Foreclosure Action. The claims that Plaintiffs assert in this case are all premised on allegations that Defendant lacked standing to bring the Foreclosure Action based upon allegedly fraudulent assignments. *See* Dkt. No. 1, at 5-9. These allegations speak to the validity of the assignments and the enforceability of the Mortgage, claims that could have been brought as affirmative defenses in the Foreclosure Action. *See Massie v. Wells Fargo Bank, N.A*., No. 3:23-CV-01548 (VDO), 2024 WL 2314979, at *5 (D. Conn. May 22, 2024) ("In sum, the Court concludes there was a prior adjudication on the merits, that the claims asserted in the current action were raised, or could have

been raised, in the Foreclosure Action, and that the current action involves the same parties as in the Foreclosure Action. Accordingly, even under a liberal construction of Plaintiff's Amended Complaint, *res judicata* bars all of Plaintiff's claims in the current action against Wells Fargo."); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 506 (S.D.N.Y. 2016) (holding that *res judicata* barred plaintiff's claims regarding the defendant's alleged lack of standing in foreclosure action); *Fequiere v. Tribeca Lending*, No. 14-CV-812 (RRM) (LB), 2016 WL 1057000, at *7 (E.D.N.Y. Mar. 11, 2016) (finding that the plaintiff's claims alleging that defendants improperly obtained a foreclosure judgment were or could have been brought in a state court foreclosure action against her property).

Plaintiffs' TILA and RESPA claims are likewise barred. *See Harris v. BNC Mortg., Inc.*, 737 F. App'x 573, 575 (2d Cir. 2018) ("actual litigation is not required for *res judicata*; it need only be shown that a party had the opportunity to litigate the claims"). Indeed, applying the transactional approach to *res judicata* required under New York law, courts in this circuit "routinely hold that a plaintiff against whom a judgment of foreclosure has been obtained cannot thereafter pursue a RESPA disclosure violation claim arising out of the same mortgage loan." *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871 (VEC), 2020 WL 1151313, at *15 (S.D.N.Y. Mar. 9, 2020) (collecting cases). Courts have also reached the same conclusion with respect to TILA claims. *See Romaka v. H&R Block Mortg. Corp.*, No. 17-CV-7411 (JS)(ARL), 2018 WL 4783979, at *6 (E.D.N.Y. Sept. 30, 2018) (holding that plaintiff's TILA claim was barred by *res judicata* because it could have been raised in the foreclosure action); *Noriega v. US Bank, Nat'l Ass'n*, No. 16-CV-1058 (JS) (ARL), 2017 WL 3172998, at *5 (E.D.N.Y. July 25, 2017) (same).

Accordingly, this Court finds that *res judicata* bars Plaintiffs' claims and respectfully recommends that the Court dismiss the complaint.

### b.    Collateral Estoppel

Plaintiffs' claims are also barred by the related doctrine of collateral estoppel, which "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *Ferris v. Cuevas*, 118 F.3d 122, 126 n.4 (2d Cir. 1997) (citations and quotation marks omitted).

Collateral estoppel applies "when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Yeshiva Imrei Chaimhy Viznitz of Boro Park, Inc. v. City of N.Y.*, 496 F. App'x 122, 123 (2d Cir. 2012) (quoting *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007)).

Here, as explained above, Plaintiffs' claims are predicated on allegations that Defendant lacked standing in the Foreclosure Action based upon allegedly fraudulent assignments.  To resolve these claims, the Court would need to review whether Defendant was the owner or holder of the Note and the Mortgage when it commenced the Foreclosure Action and whether the documents relied upon by Defendant—specifically, the assignments—were valid.  But these determinations were necessarily made by the state court when it entered the Foreclosure Judgment. *See Mendez*, 2023 WL 8283148, at *4  (explaining that "the state court must necessarily have ruled on the validity of the underlying loan and mortgage in rendering [the foreclosure judgment]").

Moreover, Plaintiffs have not shown that they did not have a full and fair opportunity to litigate these issues.  Indeed, as noted above, Mr. Jones appeared in the Foreclosure Action and

could have raised these issues as affirmative defenses to the foreclosure complaint. As Defendant points out, the Foreclosure Judgment "demonstrates prior adjudication on the merits of Plaintiff's instant allegations relating to standing, alleged violations of federal law concerning the 2007 mortgage loan and the alleged failure to provide proper notice of default." Dkt. No. 11, at 15.

Accordingly, this Court finds that the elements of collateral estoppel are met. *See Mendez*, 2023 WL 8283148, at *6 (holding that collateral estoppel barred plaintiff's claims regarding the validity of the loan documents used by the mortgagee in the state court foreclosure action).

This Court therefore respectfully recommends that Plaintiffs' complaint be dismissed on *res judicata* and collateral estoppel grounds.

### 4.    Failure to State a Claim Upon which Relief May be Granted

Defendant argues that "to the extent Plaintiff alleges violations of TILA or any other statue, such claims must be dismissed because Plaintiffs fail to state claim and the statute of limitations would bar any such claims concerning the origination of the 2006 mortgage loan." Dkt. No. 11, at 16-19. Defendant notes that Plaintiffs raise eleven causes of action but provide no detail as to what each cause of action is actually alleging. *See id.* Instead, as Defendant points out, Plaintiffs list the eleven counts at the beginning of the Complaint—with no explanation as to what Defendant did in connection with those causes of action, if anything—and then argue that Defendant did not have standing to initiate the Foreclosure Action in state court. *See generally* Dkt. No. 1. The Complaint does not include any factual allegations about how Defendant purportedly violated TILA or RESPA. *See id.*

Accordingly, even if Plaintiffs' TILA and RESPA claims were not barred on preclusion grounds, this Court respectfully recommends dismissal of these claims in light of the conclusory allegations against Defendant. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even

in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Plaintiffs' request for sanctions should also be dismissed because the complaint does not include any allegations to support a finding of bad faith against Defendant.  *See Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11-CV-4383 (CM) (DF), 2015 WL 4389893, at *18, *24 (S.D.N.Y. July 10, 2015) (denying sanctions pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority because all require a finding of bad faith).

## III.    Leave to Amend the Complaint

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  Although leave to amend a complaint shall be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), any further amendment here would be futile given the reasons discussed above.  *See De Jesus v. Sears. Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (holding that the district court did not abuse its discretion by refusing plaintiff an additional opportunity to amend his pleadings); *see also Bromfield v. Lend-Mor Mortg. Bankers Corp.*, 15-CV-1103 (MPS), 2016 WL 632443, at *7 (D. Conn. Feb. 17, 2016) ("because the state court already has jurisdiction over the res [in a foreclosure action], leave to amend would be futile").

Here, any amendment to Plaintiffs' claims would be futile because Plaintiffs' claims are barred by either the *Rooker-Feldman* doctrine, *Younger* abstention, or *res judicata* and collateral estoppel.  *See Hylton*, 38 F. Supp. 3d at 284.  Further, Plaintiffs' request to compel Defendant to

produce certain individuals to testify would not save this action. As explained above, this Court has no subject matter jurisdiction to hear Plaintiffs' claims regarding Defendant's standing in the Foreclosure Action.   Thus, witness testimony about Defendant's standing, or purported lack thereof, cannot save Plaintiffs' claims from dismissal.

Accordingly, the undersigned respectfully recommends that Plaintiff be denied leave to file an amended complaint.

## IV.    Conclusion

For the reasons set forth above, this Court respectfully recommends that Defendants' motion to dismiss be granted for the reasons set forth above.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Defendants' counsel to serve a copy of this Report and Recommendation on Plaintiffs by overnight mail, first-class mail, and email and to file proof of service on ECF by June 3, 2024. Copies shall be served at the following address listed on the docket:

Ms. Vira Lynn Jones
Mr. Phillip Jones
1159 Bedford Avenue
Brooklyn, New York 11216

Copies shall also be served on Mr. and Ms. Jones at the address set forth in Dkt. No. 1, namely 1157 Bedford Avenue, Brooklyn, New York 11216, *see* Dkt. No. 1, as well as to Mr. Jones at 4809 1/2 Church Drive, Charleston, West Virginia 25306, *see* Dkt. No. 10-6 at 3.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kovner.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district

court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            May 30, 2024

**SO ORDERED.**

                               */s/ Joseph A. Marutollo*

                               JOSEPH A. MARUTOLLO
                               United States Magistrate Judge